FILED
3/26/2021 10:56 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

CAUSE NO. _____

| | | |
|---|---|---|
| JAMILA MOSI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| VALET LIVING, L.L.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE**:

COMES NOW, Jamila Mosi ("Plaintiff") and files this Original Petition complaining of Valet Living, LLC ("Defendant") and for cause of action would respectfully show the court the following:

### I.

### DISCOVERY CONTROL PLAN

1.01  Plaintiff intends to conduct discovery under Level 3 pursuant to the Texas Rule of Civil Procedure 190.  Plaintiff moves the Court to enter a discovery control plan tailored to the circumstances of this particular suit.

### II.

### PARTIES

2.01  Jamila Mosi is an individual residing in Dallas, Texas.

2.02  At all relevant times, Valet Living, L.L.C. ("Defendant") was Plaintiff's employer in Texas and is a foreign Limited Liability Company with its principal place of business located in Tampa, Florida. This Defendant may be served with process by serving its

1

lawyer, Paul Hash, Jackson Lewis, P.C., 500 N. Akard St., Ste. 2500, Dallas, Texas 75201, paul.hash@jacksonlewis.com.

### III.

### JURISDICTION AND VENUE

3.01   This Court has subject matter jurisdiction over this action because the amount in controversy is within the jurisdictional limits of this Court.

3.02    Venue is proper in this Court because Dallas County is the location where all or a substantial part of the events or omissions giving rise to the claim occurred.

3.03   Plaintiff filed a charge alleging race, color and national origin discrimination and retaliation with the EEOC.  On March 8, 2021, the EEOC issued a Notice of Right to Sue.

### IV.

### FACTUAL BACKGROUND

4.01 Defendant is engaged in the business of property management and related services.

4.02  At all relevant times, Defendant engaged in an industry affecting interstate commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

4.03  Plaintiff is black of African descent.

4.04  Defendant employed Plaintiff as a concierge, and she was promoted to a Senior Concierge prior to the termination of her employment.

4.05 Sherri Barklay (white) was one of Plaintiff's supervisors.

4.06  Shortly after Barklay became Plaintiff's supervisor, she demoted Plaintiff in favor of a white employee with less tenure and experience.

4.07 Sherri Barklay negatively referenced Plaintiff's afro hair with comments such as

"what's up with your hair;" claiming afro hair is "inappropriate" and fails to meet Defendant's standards; and did not represent the "look" Defendant desired; falsely claimed residents had complained about Plaintiff's hair and demanded Plaintiff not return to work unless she tamed her ethnic hair style.

4.08  Plaintiff's non-black colleague with straight hair would arrive to work with disheveled and unkempt hair without repercussion.

4.09  Plaintiff complained about inequitable treatment to Defendant's human resources representatives to no avail and she was fired shortly thereafter.

4.10  When Plaintiff asked why she was being fired, she was told "at will employment."

4.11  Following her termination, Barklay claimed that her comments were merely a "miscommunication" and attempted to dissuade Plaintiff from filing a charge of discrimination by offering a few days' worth of pay.

4.12  When Plaintiff sought unemployment benefits, Defendant continued retaliating against her by falsely claiming that Plaintiff was terminated for cause, citing an alleged "incident" that occurred after Plaintiff had already been terminated.

4.13  Plaintiff's termination with Defendants was motivated due to her race, color, or National Origin and/or retaliation.

4.14  At all relevant times, Plaintiff's supervisors, including, but not limited to, Barklay, were acting within the course and scope of their employment for Defendant.

V.

**CAUSES OF ACTION**

**COUNT 1: Title VII Race Discrimination
and Violation of Chapter 21 of the Texas
Labor Code**

5.01 Plaintiff realleges and reasserts the paragraphs contained in sections 1-4, supra.

PLAINTIFF'S ORIGINAL PETITION PAGE -3

5.02  Defendant's actions complained of herein constitute a violation of 42 U.S.C. § 2000e-2(a)(1)(2) and Chapter 21 of the Texas Labor Code because Plaintiff was discriminated against with respect to her compensation, terms, conditions, and privileges of employment because of her race, color, or national origin.

5.03  All conditions precedent to filing this action for race discrimination under state law have been met.  Plaintiff timely filed her charge of discrimination and has received a Right to Sue letter from the EEOC.

5.04   Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of Plaintiff's race, color and/or national origin.

5.05  Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, other nonpecuniary losses, and compensatory damages.  Further, this discrimination was willful.  Plaintiff is therefore entitled to recover exemplary damages.  Plaintiff is also entitled to recover all costs of Court and attorneys' fees.

## COUNT II: 42 U.S.C. § 1981 Discrimination

5.06  Plaintiff realleges and reasserts the paragraphs contained in sections 1-4, supra.

5.07  Defendant denied Plaintiff her right to make and enforce the contract of employment the same as is enjoyed by white employees. Plaintiff was not given the same rights to make, perform, modify, and terminate her contract of employment, and was denied the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

## COUNT III:  TITLE VII, 42 U.S.C. § 2000E-3(A) AND CHAPTER 21 OF TEXAS LABOR CODE UNLAWFUL RETALIATION

5.08    Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1-4, supra.

5.09  Defendant refused to overturn its biased demotion decision once Plaintiff reported unlawful discrimination and further retaliated against her by terminating her employment after she reported discrimination concerns to Defendant.

5.10  Defendant's purported reason for termination is a pretext for unlawful retaliation.

5.11  As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff incurred damages.

5.12  Such retaliation by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this retaliation was perpetrated by Defendant with intentional malice or with reckless indifference to Plaintiff's protected rights.  Such retaliation constitutes gross, wanton, reckless and/or intentional violation of Plaintiff's rights under the Texas Commission on Human Rights Act.  Plaintiff is therefore also entitled to recover punitive damages.

5.13 Plaintiff is entitled to an award of attorneys' fees and costs under Texas Labor Code § 21.259 and Title VII.

## VI.

## ATTORNEYS' FEES

6.01   The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

6.02   The preparation and filing of this Petition and prosecution of this lawsuit have necessitated the hiring of attorneys.  Plaintiff seeks to recover reasonable and necessary attorneys' fees as allowed by law.

## VII.

## JURY TRIAL DEMANDED

7.01  Plaintiff demands a trial by jury.

## VIII.

## REQUEST FOR DISCLOSURE

8.01  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2, including all subparts thereof.  This request is made subject to any relief that may be granted by the Court requiring an earlier disclosure.

## IX.

## PRAYER

WHEREFORE, Plaintiff prays Defendant be summoned to appear herein and that upon trial of this action Plaintiff have judgment as follows:

(i) Determining that Defendant engaged in unlawful intentional discriminatory employment practices as alleged herein.

(ii) Determining that Defendant engaged in discriminatory employment practices with malice or with reckless indifference to the federally protected rights of Plaintiff, and with conscious disregard to such rights.

(iii) Enjoining Defendant from engaging in such unlawful employment practices and reinstating Plaintiff.

(iv) Awarding Plaintiff back pay.

(v) Awarding Plaintiff front pay.

(vi) Awarding Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

(vii) Awarding Plaintiff punitive damages.

(viii) Awarding Plaintiff pre- and post-judgment interest.

(ix) Awarding Plaintiff costs and expenses, including reasonable attorney's fees and expert's fees.

(x) Awarding Plaintiff pecuniary damages for costs related to seeking subsequent employment.

(xi) Ordering and granting such other relief as is proper and just.

Respectfully submitted,

By: *Mary Harokopus*
Mary L. Harokopus
State Bar No. 00789347
Mary L. Harokopus, PLLC
5700 Granite Parkway, Ste. 200
Plano, TX 75024
Tel.: (972) 731-2524
Fax: (469) 519-5547
E-mail: mary@harokopuslaw.com

ATTORNEY FOR PLAINTIFF